[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action the defendants, Inland Wetlands and Water Courses Commission of the Town of Orange and the Commissioner of Environmental Protection, have an absolute right to order the plaintiff to adhere to their granting of approval for the defendant, Arthur Randall, to utilize the wetlands as decided by the Commissioner. The landfill and construction requested in the defendant Arthur Randall's application was approved by the Commission. The burden of proof that this decision was erroneous is on the plaintiff. The plaintiff claims there was a violation of § 22a-36. The interpretation of this decision is within the discretion of the Commission, unless the plaintiff can prove that the decision was arbitrary and discriminatory. The Commission further failed to find that their decision violated the Inland Wetlands and Water Courses Commission of the Town of Orange, Connecticut.
The Commission stated on the record that they have the authority as required by section 11.3 of the regulations. The Commission further found that there was no flooding of adjacent CT Page 9116 property or erosion of said property.
In order to overturn the decision of the Inland Wetlands and Water Courses Commission of the Town of Orange, the Commissioner of Environmental Protection and the defendant Arthur Randall, the court must find that the Commission failed to adhere to the statutes and to their granted authority.
The plaintiffs in their argument claim a public hearing was necessary on this matter because of the public interest. The Commission has the authority to determine if a public hearing is necessary and vital to the laws of the Town of Orange. This authority is within their rights unless the court determines that the question of granting of the application is arbitrary, discriminatory and not within their realm of authority; further, the granting of the application without a public hearing is not erroneous unless it contains vital interests of the entire town. The court has determined that no such interest exists. Further, the court finds that the Commissioners of the Town of Orange and the defendant Arthur Randall have acted in accordance with the rules and regulations set forth by the commissions of the town. Therefore, the appeal of the plaintiffs is hereby denied.
Philip E. Mancini, Jr. Judge Referee